UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JESSE LEE STEWART, JR., 16-A-3508,

                      Plaintiff,

      -against-

THE STATE OF NEW YORK, et al.,

                    Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
20-CV-3630 (JMA) (SIL)

FILED
CLERK
5/6/2021 4:41 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

    <u>Pro se</u> plaintiff, Jesse Lee Stewart, Jr. ("Plaintiff"), who is presently incarcerated at the Orleans Correctional Facility, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), complaining about the conditions of his confinement at that facility.  (ECF No. 1.) More specifically, Plaintiff complains about the protocols in place at the Orleans Correctional Facility with regard to the COVID-19 virus.   However, Plaintiff did not pay the Court's filing fee nor did he file an application to proceed *in forma pauperis*.  Accordingly, the Court notified Plaintiff that, in order for his case to proceed, he must either remit the filing fee or complete and return the enclosed application to proceed *in forma pauperis* and Prisoner Litigation Authorization form ("PLRA") within fourteen (14) days.  (ECF No. 4.)  To date, Plaintiff has not responded to the Court's notice.

    Rather, Plaintiff filed a Motion seeking to add his claims to a class action case pending in this District, <u>Butler</u>, 11-2602(JS)(SIL).  (ECF No. 7.)  However, the claims in that case concern the conditions of confinement solely at the Suffolk County Correctional Facility.  Accordingly, Plaintiff application for consolidation is DENIED and, for the reasons that follow, this action is transferred to the United States District Court for the Western District of New York.

Under the general venue provision:

> a civil action may be brought in - - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).   Here, the events giving rise to Plaintiff's claims are alleged to have occurred exclusively at the Orleans Correctional Facility located in Orleans County.  Orleans County is within the Western District of New York.  See 28 U.S.C. § 112(d).  Under 28 U.S.C. § 1391(b)(2), venue is therefore proper in the Western District of New York.  Although Plaintiff includes Suffolk County as a defendant, there are no allegations against it in the complaint and it appears Plaintiff names Suffolk County solely because his conviction which gave rise to his incarceration occurred in Suffolk County.

Accordingly, rather than dismiss the complaint for improper venue, the Court, in the interest of justice, transfers this action pursuant § 1406(a) to the United States District Court for the Western District of New York.  See 28 U.S.C. § 1406(a) (stating that a district court may transfer a case filed in the wrong district "to any district . . . in which it could have been brought"); see also Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court.").

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York under Section 1406(a).  The determination of Plaintiff's motion to proceed *in forma pauperis* is reserved for the transferee court.

The Clerk of the Court is further directed to mail a copy of this Order to Plaintiff and to mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal <u>in forma pauperis</u>, such status is denied for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:        May 6, 2021
                Central Islip, New York

                                        /s/ (JMA)
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE